IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KEITH CRAWFORD,

                    Petitioner,

vs.                                 Case No. 13-3164-SAC

STATE OF KANSAS and
DEREK SCHMIDT, Attorney
General of Kansas,

                    Respondents.

### MEMORANDUM AND ORDER

Petitioner is incarcerated in Kansas upon a state court conviction.  This case is now before the court upon his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se.

I.  PROCEDURAL STANDARDS AND STANDARDS OF REVIEW

    A.  Standard of review for exhausted claims

A writ of habeas corpus may not be granted on behalf of a person in custody upon a state court conviction unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or, "was based on an unreasonable determination of the facts in light of the evidence" presented at trial.   28 U.S.C. § 2254(d)(1)&(2). State court factual findings, including credibility findings,

are presumed correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

The Supreme Court has stated that a state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in our cases" or if the state court "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

The court may not issue a writ of habeas corpus "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011)(quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Even a "strong case for relief does not mean that the state court's contrary conclusion was unreasonable." Id. at 102. The law "stops just 'short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings.'" Frost v. Prior, 749 F.3d 1212, 1223 (10th Cir. 2014)(quoting Richter, 562 U.S. at 102)).

B.   <u>State court's procedural bar</u>

Federal habeas review is barred in instances where a state prisoner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule[,] . . . unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).  "To be independent, the procedural ground must be based solely on state law[;] [t]o be adequate, the procedural ground must be strictly or regularly followed and applied evenhandedly to all similar claims." Thacker v. Workman, 678 F.3d 820, 835 (10th Cir. 2012) cert. denied, 133 S.Ct. 878 (2013)(interior quotations and citations omitted).  A "fundamental miscarriage of justice" is implicated only where a constitutional violation is shown to have probably resulted in the conviction of an actually innocent person, as demonstrated by new evidence suggesting factual innocence, not mere legal insufficiency.  Darden v. Patton, 2015 WL 2058898 *2 (10th Cir. 2015).

C.   <u>Exhaustion requirement</u>

"A federal court cannot grant a state prisoner's habeas petition unless the petitioner has exhausted his claims in state court." Frost, 749 F.3d at 1231.  The state prisoner "must give

3

state courts 'one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" Id. (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). Therefore, "any claims not included in a petition for discretionary review are unexhausted." Id. This bar extends to any unexhausted claim unless the prisoner can demonstrate 1) sufficient cause for failing to raise the claim and resulting prejudice or 2) if denying review would result in a fundamental miscarriage of justice because the prisoner has made a credible showing of actual innocence. Id. A credible showing of actual innocence requires "new reliable evidence that was not presented a trial." Id. at 1231-32 (interior quotations omitted). Maintaining one's innocence or casting doubt on witness credibility may not satisfy the standard. Id. at 1232.

D. New arguments in the traverse or reply brief

In general, courts will not consider arguments which are first raised in a traverse filed in response to a respondent's answer. See Jordan v. Wiley, 411 Fed.Appx. 201, 212 n.9. (10th Cir. 2011); Tyler v. Mitchell, 416 F.3d 500, 504 (6th Cir. 2005) cert. denied, 547 U.S. 1074 (2006); Loggins v. Hannigan, 45 Fed.Appx. 846, 849 (10th Cir. 2002); Jackson v. Duckworth, 112 F.3d 878, 880 (7th Cir.) cert. denied, 522 U.S. 955 (1997); see also, Cox v. LNU, 924 F.Supp.2d 1269, 1273 (D.Kan. 2013)(in

general, the court denies or excludes all arguments and issues first raised in reply briefs).

E.  Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993).  A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the court to "supply additional factual allegations to round out a plaintiff's [pleading]." Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II.  CASE HISTORY AND SUMMARY OF POST-CONVICTION ARGUMENTS

A.  Trial court proceedings

Petitioner was convicted by a jury of one count of rape in 1997.  The alleged victim was a 16-year-old girl who was mentally challenged.  Petitioner was also charged with aggravated burglary, but he was not convicted of this charge. The victim was familiar with petitioner who either lived at the house where the alleged crime occurred or spent substantial time there.  She identified petitioner as her rapist and testified

that he used a knife when he assaulted her in the early morning hours in October 1996. She testified that petitioner went inside her "a little bit but not all the way." She testified that she resisted. She stated that she told her mother what happened, although petitioner had threatened her against doing so. Her mother contacted the police, although not immediately. A nurse who performed a sexual assault examination upon the victim testified that the examination was consistent with penetration, but could not confirm nor deny penetration. The jury also heard evidence that petitioner used a knife against a female acquaintance during an incident in 1993 which led to a guilty plea to misdemeanor sexual battery.

Two months prior to trial, petitioner filed a motion asking the court to appoint different counsel. The district judge who considered the motion was not the judge who later tried the case. The motion was denied on the grounds that petitioner and his counsel failed to present sufficient specific grounds to justify changing attorneys. Petitioner asserted that his counsel had misled him regarding the preliminary hearing in the case and that his counsel said that he did not believe in petitioner's defense. Petitioner's counsel said he had a strained or very poor relationship with petitioner.

B. Direct appeal

On direct appeal, petitioner presented the following arguments to the Kansas Court of Appeals: 1) the trial court erred in denying petitioner's motion for substitute counsel; 2) the trial court erred by allowing a transcript from the sexual battery case into evidence; 3) the trial court violated petitioner's right of confrontation by restricting the cross-examination of the victim; 4) the trial court erred in refusing to allow defendant's expert to testify; 5) the trial court erred in denying petitioner's motion for a psychiatric examination of the victim; 6) the conviction was not supported with sufficient evidence; and 7) the trial court erred in imposing an upward durational departure sentence.  The Kansas Court of Appeals rejected these arguments and review of this decision was denied by the Kansas Supreme Court.

C. K.S.A. 60-1507 motions

Petitioner filed two motions in state court for relief from his conviction pursuant to K.S.A. 60-1507.  In the first motion, he presented the following issues: 1) the prosecution presented perjured testimony against him; 2) the introduction of the perjured evidence caused prejudice and violated his right to a fair trial; 3) the false and perjured testimony resulted in his being unjustly charged with aggravated burglary; 4) petitioner was denied his right to a speedy trial; 5) petitioner was denied

procedural due process because his preliminary examination was not conducted within 10 days of his arrest; 6) prosecutorial misconduct; 7) petitioner was prejudiced by having to wear his prison jump suit in court; 8) the prosecution should not have been permitted to introduce perjured testimony from a 1993 preliminary hearing into evidence; 9) illegal search and seizure; 10) an illegal warrant; 11) petitioner's trial counsel altered a motion petitioner filed; 12) the trial judge was biased; 13) petitioner was barred from presenting an expert witness; 14) judicial misconduct; 15) cumulative error; 16) ineffective assistance of counsel; and 17) judicial bias led to an upward durational departure in petitioner's sentence.

Petitioner's motion was denied summarily, but on appeal to the Kansas Court of Appeals a remand was ordered.  After an evidentiary hearing by the district court, the motion was again denied and this result was affirmed by the Kansas Court of Appeals.  _Crawford v. State_, 2006 WL 2265057 (Kan.App. 8/4/2006).

Petitioner filed a second motion for relief under K.S.A. 60-1507 on February 9, 2007.  In his second 60-1507 motion, petitioner argued that the trial court violated petitioner's rights by forcing its choice of counsel on petitioner and that this led to a conflict of interest between petitioner and his counsel.  Petitioner also argued that the trial judge had _ex_

parte communications with the alleged victim during the trial. In addition, petitioner asserted that he was sentenced on the basis of inaccurate information.[1]   The motion was denied by the state district court.   The Kansas Court of Appeals affirmed this result on February 27, 2009.   Crawford v. State, 2009 WL 500952 (Kan.App. 2/27/2009).   Each court viewed the motion as untimely and determined that no exceptional circumstances or other good cause existed to excuse the delay in bringing the motion.

      D.   Motions to correct illegal sentence

Petitioner has also filed two motions to correct illegal sentence pursuant to K.S.A. 22-3504.   It appears that petitioner argued in these motions that he should have been charged with aggravated incest rather than rape; that his sentence was based upon inaccurate information; and that his sentence was contrary to the Apprendi decision.   Relief was denied by the state courts in part because the arguments made did not fall under the limited grounds for making a motion to correct an illegal sentence.   See State v. Crawford, 2012 WL 2785939 (Kan.App. 2012).

---

[1] These were the issues listed in the motion.   The memorandum in support of the motion added more issues including: whether the trial judge assumed the role of the prosecutor and vouched for the credibility of the alleged victim; whether the prosecution allowed its expert witness to pass on the credibility of the alleged victim; and whether favorable evidence from the preliminary hearing was improperly withheld from the jury.

III. ARGUMENTS IN THE PRESENT MOTION

The § 2254 petition (Doc. No. 1) which has initiated this case lists four issues:  1) that petitioner's Sixth Amendment right to effective assistance of counsel was denied when the trial judge refused to appoint substitute counsel, allow petitioner to hire his own counsel or allow petitioner to defend himself; 2) that the trial judge had actual and apparent bias against petitioner, but refused to recuse herself; 3) that the trial judge had ex parte communications with the alleged victim and allowed the prosecution's expert witness to pass upon the credibility of the alleged victim; and 4) that the trial judge assumed the role of the prosecution, vouched for the credibility of the alleged victim and testified for her.  In this final ground for relief, petitioner also refers to the nondisclosure of evidence from the preliminary hearing.

Petitioner filed a memorandum in support of the petition (Doc. No. 3) which appears to track some of these arguments. After the respondent filed an answer (Doc. No. 23), petitioner filed a very lengthy traverse (Doc. No. 25) which discusses issues listed in the § 2254 petition and issues not listed in the § 2254 petition.  The arguably new issues include:  1) whether petitioner's right to confront and cross-examine the alleged victim was violated; 2) whether the prosecution used false and perjured evidence; 3) whether the prosecution

improperly failed to correct the record; and 4) whether the jury was improperly instructed as to the elements of the crime.

IV.  THE COURT REJECTS THE CLAIMS FOR RELIEF MADE IN THE HABEAS PETITION.

    A.  <u>Denial of substitute counsel</u>

    The Kansas Court of Appeals reviewed the record and determined that the lower court judge did not abuse his discretion when he concluded, following a hearing, that he would not appoint substitute counsel for petitioner.[2]  The district court judge listened to petitioner and his counsel, and assessed counsel's ability to represent petitioner.  He determined that, if anyone, petitioner and not his counsel was at fault for impeding their relationship.  The analysis of the state court conforms with the guidance of the Tenth Circuit in <u>U.S. v. Lott</u>, 310 F.3d 1231, 1249-50 (10th Cir. 2002) <u>cert. denied</u>, 538 U.S. 936 (2003), where the court stated that there must more than a "mere strategic disagreement," rather "there must be a total breakdown in communications."  The court finds no grounds to hold that the state court made an unreasonable determination of the facts in light of the evidence in the state court proceeding

---

[2] There is no indication from the transcript that petitioner asked to represent himself or that he was prevented by the court from retaining counsel of his choice.  It is well-settled that petitioner had no right to the appointment of counsel of his choice.  <u>U.S. v. Smith</u>, 323 Fed.Appx. 650, 652 (10th Cir.) <u>cert. denied</u>, 558 U.S. 923 (2009); <u>U.S. v. Nichols</u>, 841 F.2d 1485, 1504 (10th Cir. 1988).

or that the state court acted contrary to or unreasonably applied clearly established federal law.

   B.  Trial judge's alleged bias

   Petitioner alleges that the trial judge was biased against him.  Petitioner asserts, without proof, that this alleged bias stemmed from the fact that the trial judge was a victim of sexual assault.  Petitioner makes reference to motions to recuse filed by other litigants after petitioner's trial and to an informal grievance communicated in an unrelated case.  Aside from this showing, petitioner makes repeated references to the trial judge's alleged unfair rulings, alleged vouching for prosecution witnesses, and alleged ex parte communication with the alleged victim.

   The Due Process Clause requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or interest in the outcome of the case.  Bracy v. Gramley, 520 U.S. 899, 904-05 (1997).  To show actual bias, petitioner must present "compelling" evidence.  See Fero v. Kerby, 39 F.3d 1462, 1478 (10th Cir. 1994) cert. denied, 515 U.S. 1122 (1995).  Such evidence may be in the form of facts showing actual bias or facts showing an appearance of bias, such as a strong interest in the outcome of the case.  Davis v. LeMaster, 2000 WL 702408 *4 (10th Cir. 5/26/2000).  Adverse rulings are seldom considered sufficient to warrant the recusal of a trial

judge. Liteky v. United States, 510 U.S. 540, 555 (1994)("almost never"); U.S. v. Mendoza, 468 F.3d 1256, 1262 (10th Cir. 2006). When, as in this case, the adverse rulings have been upheld on appeal, their probative value would seem even less. Evidence of a judge's close familial connection to the prosecution's lead investigator and evidence of a defendant riding in the stolen car of a judge's close relative, have been considered insufficient to warrant habeas relief. Welch v. Sirmons, 451 F.3d 675, 700 (10th Cir. 2006) cert. denied, 551 U.S. 1133 (2007); Alderson v. Six, 2008 WL 5046845 *2-3 (D.Kan. 11/21/2008). The Tenth Circuit has also observed that if the evidence only rises to the level of an appearance of bias, the law is not clearly established that this is sufficient for a violation of the Due Process Clause. Welch, 451 F.3d at 700-01. Thus, an appearance of partiality is not sufficient to establish entitlement to federal habeas relief under § 2244)(d)(1).

Petitioner has failed to present sufficient factual allegations or evidence to demonstrate actual bias or even an appearance of bias on the part of the trial judge.[3] For this reason and the others mentioned above, the court finds that petitioner's claim of judicial bias does not warrant federal habeas relief.

---

[3] The petition mentions a "direct pecuniary interest in the case," but there is nothing in the record to support this claim.

C.   Ex parte communications

Petitioner contends that he is entitled to habeas relief because the trial judge engaged in ex parte communications. Petitioner refers to the transcript from the second day of his trial.   Outside the hearing of the jury, the trial judge remarked to the victim witness that she did "a very, very good job of testifying [the previous day] . . . especially in trying to say yes or no to the answers to questions" and that she had told the witness this "back in the library." Vol. II of trial transcript, p. 7.   Petitioner asserts that this is evidence of improper ex parte communications.

Petitioner first raised this argument in his second 60-1507 motion.   The Kansas Court of Appeals affirmed the rejection of the argument because the motion was untimely and successive, and petitioner had not demonstrated "manifest injustice" or other "exceptional circumstances" which, under state law, would justify consideration of the argument.   Crawford v. State, 2009 WL 500952 *1 (Kan.App. 2/27/2009).

The court concludes that the state court made this ruling on the basis of an independent and adequate procedural reason and that the ruling did not result in actual prejudice or in a fundamental miscarriage of justice.   Petitioner has not demonstrated otherwise.   Therefore, the court shall reject this claim for a writ of habeas corpus.

14

D.   Permitting expert witness to pass on credibility of victim witness

Petitioner alleges that his rights were violated when an expert witness for the prosecution was allowed to pass upon the credibility of the alleged victim.  The court cannot find that this argument has been properly presented to and ruled upon by the state appellate courts and, therefore, this claim should fail because it was not exhausted in state court.

It should also fail on its merits.  The expert witness was a nurse who administered a sexual assault examination and evidence collection process upon the alleged victim.   The witness testified that the physical examination was consistent with penetration but that it could neither confirm nor deny that there was penetration.  Vol. II of trial transcript, p. 69 & 71.  This is not vouching for a witness's credibility.  Cf., Hellums v. Williams, 16 Fed.Appx. 905, 910-11 (10th Cir. 8/8/2001)(an expert may testify as to symptoms consistent with sexual abuse, but may not testify that he found no reason to question victim's allegations).

E.   Improper judicial actions

The final ground listed in the petition asserts four improper judicial actions in rather general terms:  1) withholding exculpatory evidence;  2) vouching for the credibility of a witness and testifying for her;  3) not

15

disclosing evidence from the preliminary hearing to the jury; and 4) sentencing petitioner on the basis of inaccurate information.   The court cannot find that the first three items in the list were properly presented to and ruled upon by the state appellate courts or that this failure to exhaust may be excused because of prejudice to petitioner or a fundamental miscarriage of justice.   Therefore, these parts of petitioner's argument should be rejected because they were not exhausted in state court.

In addition, the first three listed items appear to lack merit.   Petitioner accuses the trial judge of interfering with the victim's mother's testimony regarding when she returned to her home on the night of the crime.   Doc. No. 25-2 at pp. 6-7 of 65.   Petitioner alleges that this is exculpatory testimony because the mother testified she returned home at 12:30 a.m. and the victim testified that the rape occurred at a later time. The court has reviewed the transcript.   The court finds no material interference by the trial judge with the victim's mother's testimony.   Petitioner also alleges that the trial judge improperly redacted a judge's statement from the transcript of preliminary hearing testimony in a different case and that the trial judge mentioned to the jury that the transcribed testimony was from a deceased woman leaving the jury to speculate about how she died.   The transcript was read to the

16

jury as evidence admissible under K.S.A. 60-455 to prove identity, plan and absence of mistake. The redacted statement supposedly made reference to the witness's drug and alcohol problems and the possible impact of those problems on the witness's testimony.[4] There was evidence of drug use by the witness in the witness's testimony read to the jury. Upon review, the court finds that petitioner has not demonstrated that the redacted comments from the judge were important to understand the sworn testimony in the transcript. Nor was the reference to the witness's death unduly prejudicial. In sum, the trial court did not withhold exculpatory evidence from the jury.[5]

Petitioner does not describe how the trial judge "vouched" for the credibility of a witness or testified for a witness. As mentioned previously, the court does not believe the expert witness for the prosecution vouched for the credibility of the alleged victim. In short, the vouching contention lacks support.

---

[4] The court has drawn this characterization from petitioner's traverse. Doc. No. 25-2 at p. 8 of 65. The transcript petitioner has provided, Doc. No. 25-2 at pp. 57-62 of 65, does not make clear exactly what statements were redacted.

[5] It is possible that petitioner is also arguing that the trial court's decision to bar the testimony of petitioner's expert witness is part of the trial judge's withholding of exculpatory evidence. A version of this argument was presented as grounds to reverse petitioner's conviction on direct appeal. The state court's rejection of this argument was not contrary to clearly established law which holds that it is generally not proper for an expert witness to render an opinion regarding the credibility of a witness. See Gilson v. Sirmons, 520 F.3d 1196, 1243 (10th Cir. 2008) cert. denied, 555 U.S. 1180 (2009).

Nor did the trial court improperly withhold from the jury evidence given at petitioner's preliminary hearing. During the preliminary hearing, the alleged victim testified that after she was raped she spoke with her mother and her mother contacted the police. The following exchange occurred during cross-examination.

> Q. Now, let me ask you this. You talked to your mother about this afterward?
> A. Yeah, I talked to my mother and the policeman.
> Q. Did your mother tell you what you needed to say?
> A. Uh-huh.
> Q. She did?
> A. Yeah.
> Q. What did she tell you you should say?
> A. She told the policeman what this man named Raji did to you by raping you and stuff like that.
> Q. When you told your mother, what did you tell your mother that happened?
> A. I told my mother that Raji raped me. She started getting real mad and crying, because she don't like the way he did this by raping me and stuff.
> Q. You knew Raji before right?
> A. Yeah.
> Q. That was because he saw your mother?
> A. Yeah. He raped me. I tried to keep him away from me.

Transcript of preliminary hearing, pp. 14-15. Petitioner emphasizes the portion of the dialogue indicating that the victim's mother told the victim what to say. But, contrary to petitioner's claim that the evidence was withheld from the jury, the transcript of the preliminary hearing was admitted as an exhibit for the jury's consideration. Petitioner's trial counsel was able to argue what was contained in the transcript

to the jury.    Therefore, the court rejects petitioner's argument.

With regard to each of the three above-discussed items, the court is mindful that a federal court should not grant habeas corpus relief due to a state court evidentiary error "unless the court's error was 'so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process.'" <u>Lopez v. Trani</u>, 628 F.3d 1228, 1231 (10th Cir. 2010)(quoting <u>Williamson v. Ward</u>, 110 F.3d 1508, 1522 (10th Cir. 1997)).   The errors alleged by petitioner, if they qualify as errors at all, did not deny petitioner a fundamentally fair trial.

The fourth item listed by petitioner is that he was not sentenced on the basis of accurate information.   This appears to be an argument petitioner made on direct appeal where he challenged the upward durational departure in his sentence.   The Kansas Court of Appeals noted that petitioner did not "deny his history of sexual misconduct and domestic violence" but nevertheless he objected to the consideration of unverified and allegations that had not been filed or resulted in convictions. <u>State of Kansas v. Crawford</u>, No. 80,646, p.9 (Kan. App., unpublished, 2/18/2000).   The court also noted that petitioner at the sentencing hearing "did not object to the manner in which this evidence was presented."   <u>Id.</u>   The court went on to find

19

that petitioner had waived his argument against the admission of the evidence on appeal and that the evidence was relevant to proving a pattern of conduct.

The court notes that in general the admission of evidence of unadjudicated offenses during a sentencing hearing is not a violation of due process.  Boltz v. Mullin, 415 F.3d 1215, 1231 (10th Cir. 2005) cert. denied, 547 U.S. 1046 (2006); see also, Nichols v. United States, 511 U.S. 738, 747(1994)("[s]entencing courts have not only taken into consideration a defendant's prior convictions, but have also considered a defendant's past criminal behavior, even if no conviction resulted from the behavior").  Petitioner has not demonstrated that the state court's resolution of his argument is contrary to clearly established federal law.  Therefore, habeas relief is not warranted.

V. THE COURT SHALL NOT GRANT HABEAS RELIEF ON THE BASIS OF THE "NEW" ARGUMENTS RAISED IN PETITIONER'S TRAVERSE.

The traverse petitioner filed after respondent filed an answer and return raises the following issues which were not listed in the original habeas petition or the supporting memorandum:  1) whether petitioner's right to confront and cross-examine the alleged victim was violated; 2) whether the prosecution used false and perjured evidence; 3) whether the prosecution improperly failed to correct the record; and 4)

whether the jury was improperly instructed as to the elements of the crime.  As noted previously in this opinion, these arguments should be rejected because they were raised for the first time in this case in a traverse brief which followed the respondent's answer.

If, however, the court did consider these issues, the court would not grant relief as to the first issue because the Kansas Court of Appeals holdings are not contrary to clearly established federal law.  The Kansas Court of Appeals held that petitioner's trial counsel had the opportunity to cross-examine the alleged victim at length.  After engaging in some cross-examination of the alleged victim, defense counsel decided to limit, but not terminate, further questioning and to submit the witness's preliminary hearing testimony for the jury's consideration, while reserving prior objections regarding the alleged victim's testimony.  The trial judge suggested this course of action, but did not directly order it.

In general, courts review limits on cross-examination "to determine whether the jury had sufficient information to make a discriminating appraisal of the witness' motives and bias." U.S. v. Bindley, 157 F.3d 1235, 1240 (10th Cir. 1998) cert. denied, 525 U.S. 1167 (1999).  The issue in this case appears to be the consistency or inconsistency between the alleged victim's statements.  The introduction of the preliminary hearing

transcript and the examination of other witnesses who spoke with the alleged victim permitted the jury to consider this issue. The Confrontation Clause "guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985). The state court's conclusion that petitioner's Confrontation Clause rights were not violated is reasonable and not contrary to clearly established federal law. See Quinonez-Gaitan v. Jacquert, 245 Fed.Appx. 851, 853-54 (10th Cir. 8/30/2007)(affirming denial of habeas relief where court limited scope of cross-examination of child victim regarding circumstances when victim first identified alleged abuser).

Regarding the second argument, i.e., alleging that the prosecution used false and perjured evidence, petitioner attempted to raise this issue in his first 60-1507 motion. The Kansas Court of Appeals held that the argument should be categorized as a trial error which should have been raised on direct appeal. The court further held that petitioner had not shown that this failure should be excused on the grounds of ineffective assistance of appellate counsel. Crawford v. State, 2006 WL 2265057 at *4-5. Thus, the second argument may be rejected on the grounds of state procedural default for which no exception is warranted.

The third argument, i.e., that the prosecution failed its obligation to correct the record, could be considered a repeat of the second argument and be rejected for the reasons just discussed. But, if it is considered a different argument, the court finds that petitioner has failed to raise the argument before the state appellate courts. Therefore, it may be rejected for failure to exhaust state judicial remedies, in addition to being a new argument raised in petitioner's traverse.[6]

Finally, as for petitioner's argument regarding the instructions on the elements of the crime, this argument also was not raised before the state appellate courts and therefore was not exhausted. In addition, even if, as petitioner argues, the court improperly added an intent element to the State's burden of proof, petitioner's argument must fail because, contrary to petitioner, the trial court did not shift the burden of proof as to any element onto the petitioner. The jury was instructed that the burden of proof was upon the prosecution. It should also be noted that intent was not an issue in dispute during the trial, and that there is no showing that fundamental

---

[6] Petitioner has referred in his traverse to the prosecution withholding evidence that petitioner was the victim's stepfather. Doc. No. 25-2 at pp. 33 and 39 of 65. This appears related to the contention that petitioner should have been charged with aggravated incest instead of rape. This contention was rejected by the Kansas Court of Appeals in State v. Crawford, 2012 WL 2785939 (Kan.App. 7/6/2012). This decision appears reasonable and not contrary to clearly established federal law.

fairness was denied to petitioner because of this alleged error or any error alleged by petitioner.

VI. CONCLUSION

For the above-stated reasons, the petition for writ of habeas corpus shall be denied.

In addition the court shall deny the issuance of a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C., instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473 (2000)(citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).  In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

24

would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

The court concludes that a certificate of appealability should not issue in this case.   Nothing suggests that the court's rulings resulting in the dismissal of this action are debatable or incorrect.   The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.   Accordingly, a certificate of appealability shall be denied.

**IT IS SO ORDERED.**

Dated this 1st day of September, 2015, at Topeka, Kansas.


s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge